**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CHARLES FAX,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER DAVID S., TUOHEY, individually,** | : | **C.A. No.** |
| **OFFICER CARLO R. PINI, individually,** | : | |
| **SUPERVISOR ROBERT WILLOUGHBY,** | : | |
| **individually, OFFICER JEFFREY GLIEM,** | : | |
| **individually, and OFFICER MARK HOGATE,** | : | |
| **individually, DELAWARE DEPARTMENT OF** | : | |
| **SAFETY AND HOMELAND SECURITY, and** | : | **Jury Trial Demanded** |
| **DEPARTMENT OF CORRECTION, STATE** | : | |
| **OF DELAWARE** | : | |
| | : | |
| **Defendants.** | | |

**COMPLAINT**

## I.    JURISDICTION AND VENUE.

1.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourth Amendment to the U.S. Constitution.   The cause of action arises under 42 U.S.C. § 1983, as well as under Delaware constitutional and state and common law.

## II.    COLOR OF LAW.

2.      At all times material hereto, the individual Defendants were acting under the color of state law and participated in, authorized, ratified, approved, and/or sanctioned the violations of clearly established federal constitutional rights of which any reasonable official would have known.   The federal and state constitutional deprivations described herein are fairly attributable to the individual Defendants.

### III.   PARTIES.

3.      Charles Fax ("Mr. Fax") is a resident of Bear, Delaware.

4.      Officer David S. Tuohey was, upon information and belief, at all relevant time periods a member of the Governor's Task Force at Delaware State Police Troop 2 and an officer employed by DELAWARE DEPARTMENT OF CORRECTION.

5.      Officer Robert Willoughby was, upon information and belief, at all relevant times an officer employed by DELAWARE DEPARTMENT OF CORRECTION.

6.      Officer Jeffrey Gliem was, upon information and belief, at all relevant time periods a member an officer employed by the DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY.

7.      Officer Mark Hogate was, upon information and belief, at all relevant time periods a member an officer employed by DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY.

8.      Defendant DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY ("Delaware State Police or DSP") is an agency of the State of Delaware.

9.      Defendant DEPARTMENT OF CORRECTION, STATE OF DELAWARE ("DOC") is an agency of the State of Delaware.

### IV.   FACTS.

10.     In summary, on October 26, 2016, Officer David Tuohey and DSP Officers Gliem and Hogate unlawfully searched Mr. Charles Fax's home, despite clear prior precedent that such a search was not constitutional.   They received approval from supervisors Officer Pini and/or Officer Willoughby.

11.     The details of the unlawful search are recounted in the Delaware Superior Court

opinion, State v. Fax, No. 1610017030, 2017 Del. Super. LEXIS 270 (Del. Super. June 2, 2017) which plaintiff incorporates as if fully set forth herein and attaches hereto as Exhibit A.

12.     Officers Tuohey, Gliem, and Hogate, with prior approval from Officer Pini and/or Officer Willoughby, searched Mr. Fax's residence on October 26, 2016 based on the fact that he had a positive urine screen for marijuana 15 days prior and was on probation.

13.     Officers Tuohey, Gliem, and Hogate, with prior approval from Officer Pini and/or Officer Willoughby, searched Mr. Fax's residence on October 26, 2016 without reasonable suspicion.

14.     As a result of the unlawful search and seizure of Mr. Fax and his residence, Defendants discovered heroin and cocaine in Mr. Fax's residence.

15.     Mr. Fax was indicted for Drug Dealing, two counts of Aggravated Possession, and Conspiracy Second Degree. Mr. Fax filed a motion to suppress on May 1, 2017. The State responded on May 19, 2017. A Suppression Hearing was held on May 30, 2017.

16.     On June 2, 2017, the Superior Court of the State of Delaware held that Officers Tuohey, Gliem, and Hogate violated Mr. Fax's rights to be free from unlawful search and seizure under the Fourth Amendment of the United States Constitution, Article I, Section 6 of the Delaware Constitution, and Delaware statutory law.

17.     The Court also held that prior decisions State v. Johnson, No. 1401008161, 2014 Del. Super. LEXIS 587, at *1 (Del. Super. Oct. 30, 2014) and Culver v. State, 956 A.2d 5, 7 (Del. 2008) were highly instructive as to whether reasonable suspicion existed, and thus should have put these officers, and their approving supervisors, on notice that their actions were in violation of Mr. Fax's fourth amendment rights.   See State v. Fax, No. 1610017030, 2017 Del. Super. LEXIS 270, at *10-11 (Super. Ct. June 2, 2017) ("Based on similar facts considered insufficient

3

in *Culver* and *Johnson*, the Court finds that Officer Tuohey did not have reasonable suspicion to conduct an administrative search of Fax's residence.").

## AGENCY

18.     At all times relevant hereto, Defendants Officers Pini, Willoughby, and Tuohey were agents of the DOC.   Without the DOC's authorization and approval, they could not operate as officials and employees of the Department of Correction and State of Delaware.   The Department of Correction and State of Delaware was responsible for employing and supervising them.

19.     At all times and in all matters relevant hereto, the DOC was the principal of its agents Officers Pini, Willoughby, and Tuohey.   The DOC manifested an intention that Officers Pini, Willoughby, and Tuohey become its agents and act on its behalf.   Officers Pini, Willoughby, and Tuohey were empowered by the DOC to perform duties and function undertaken on behalf of the Officers Pini, Willoughby, and Tuohey.   Defendants Officers Pini, Willoughby, and Tuohey accepted and consented to serve and act on its behalf as its agent.   Defendants Officers Pini, Willoughby, and Tuohey consented to be subject to the DOC's control.

20.     All acts, if any, initially done outside the scope of that consent were ratified, affirmed, adopted, acquiesced in, were not repudiated by the DOC, such acts were enabled by the agency relationship.

21.     Defendants Officers Pini, Willoughby, and Tuohey acts were of the kind that the DOC expected them to perform.   Their conduct was not unexpected by the DOC.   Their actions were substantially within the authorized time and space limits placed upon them by the DOC. Defendants Officers Pini, Willoughby, and Tuohey were actuated at least in part by a purpose to serve the DOC.

22.      At all times relevant hereto, Defendants Officers Gliem and Holgate were agents of the DSP.   Without the DSP's authorization and approval, they could not operate as officials and employees of the DSP.   The DSP was responsible for employing and supervising them.

23.      At all times and in all matters relevant hereto, DSP was the principal of its agents Officers Gliem and Holgate.   The DSP manifested an intention that Officers Gliem and Holgate become its agents and act on its behalf.   Officers Gliem and Holgate were empowered by the DSP to perform duties and function undertaken on behalf of the Officers Gliem and Holgate. Defendants Officers Gliem and Holgate accepted and consented to serve and act on its behalf as its agent.   Defendants Officers Gliem and Holgate consented to be subject to the DSP's control.

24.      All acts, if any, initially done outside the scope of that consent were ratified, affirmed, adopted, acquiesced in, were not repudiated by The DSP, such acts were enabled by the agency relationship.

25.      Defendants Officers Gliem and Holgate acts were of the kind that the DSP expected them to perform.   Their conduct was not unexpected by the DSP.   Their actions were substantially within the authorized time and space limits placed upon them by the DSP. Defendants Officers Gliem and Holgate were actuated at least in part by a purpose to serve the DSP.

## VI.    DAMAGES.

26.      As a direct and proximate result of the actions of the Defendants, as detailed herein, plaintiff has suffered or will suffer damages which include, but are not limited to:

    a)      The conscious suffering, emotional pain, terror, mental anguish, loss of enjoyment of life, mental and physical pain, loss of wages, incurrence of debts, and economic damages.

    b)      Loss of civil rights found in the U.S. Constitution.

5

c)      emotional distress, mental anguish and other suffering.

d)      being indicted for Drug Dealing, two counts of Aggravated Possession, and

Conspiracy Second Degree and having to spend 226 days in prison, or 7.5 months.

### COUNT I: AGAINST ALL DEFENDANTS

### UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1983

27.     Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs, as if fully set forth herein.

28.     In violation of 42 U.S.C. § 1983, the actions of Defendants violated Mr. Fax's

constitutional rights to be free from unreasonable seizures as guaranteed to him by the Fourth and

Fourteenth Amendments to the United States Constitution.

29.     The search and seizure has been deemed to have been conducted in violation of the

Fourth Amendment by the Superior Court of the State of Delaware.

### COUNT II: AGAINST ALL DEFENDANTS

### UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF ARTICLE I, SECTION 6 OF THE DELAWARE CONSTITUTION

30.     Plaintiff repeats and realleges each and every allegation contained in the foregoing

paragraphs, as if fully set forth herein.

31.     Defendants' conduct violated, in a similar manner as described above, the rights

guaranteed to Mr. Fax by Article I, § 6 of the Delaware Constitution.

### COUNT III: AGAINST ALL DEFENDANTS

### GROSS NEGLIGENCE

32.     Plaintiff repeats and realleges the foregoing paragraphs set forth above

33.     At all times relevant hereto, Defendants owed a duty of care to plaintiff under the

circumstances then existing to use reasonable care in effecting their duties of approving searches and/or searching Mr. Fax and his residence.

34.     Defendants intentionally, willfully, wantonly, recklessly and/or with gross negligence breached their duty to plaintiff by conducting their search of Mr. Fax without reasonable suspicion.

35.     Defendants' breach of this duty constituted an intentional failure to perform a manifest duty in reckless disregard of the consequences to all foreseeable victims of such breach, including plaintiff.

36.     As a direct and proximate result of defendants' gross negligence and intentional, willful, wanton and reckless acts, plaintiff has been injured.

37.     The actions of defendants were willful, wanton or oppressive and merit an award of punitive damages.

38.     Plaintiff's right to be free of gross negligence under the common law of the State of Delaware has been denied by each defendant.

39.     Defendant DSP and DOC, are liable under the principles of respondeat superior and/or vicarious liability for the individual Defendant's gross negligence.

## COUNT IV: AGAINST ALL DEFENDANTS

## <u>NEGLIGENCE - VIOLATION OF MINISTERIAL DUTIES</u>

40.     Plaintiff repeats and realleges the foregoing paragraphs set forth above.

41.     At all times relevant hereto, Defendants owed a duty of care to plaintiff under the circumstances then existing to use reasonable care in effecting their duties of approving searches and/or searching Mr. Fax and his residence.

42.     Defendants intentionally, willfully, wantonly, recklessly and/or with gross

negligence breached their duty to plaintiff by conducting their search of Mr. Fax without

reasonable suspicion in violation of the mandates of the federal and state constitutions. 42 U.S.C. §

1983; Fourth Amendment to the U.S. Constitution; Article I, § 6 to Delaware Constitution.

43.     Defendants' breach of this duty constituted an intentional failure to perform a

manifest duty in reckless disregard of the consequences to Mr. Fax.

44.     As a direct and proximate result of defendants' negligence and intentional, willful,

wanton and reckless acts, plaintiff has been injured.

45.     The actions of defendants were willful, wanton or oppressive and merit an award of

punitive damages.

46.     Plaintiff's right to be free of negligence under the common law of the State of

Delaware has been denied by each defendant.

47.     Defendant DSP and DOC, are liable under the principles of respondeat superior

and/or vicarious liability for the individual Defendant's negligence.

## COUNT IV: AGAINST ALL DEFENDANTS

## RECKLESSNESS/WANTON CONDUCT

48.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49.     Defendants owed a duty of care to Mr. Fax under the circumstances then existing to

act as reasonable police officers and not use excessive force, make false arrests or false

imprisonments.

50.     Defendants intentionally, willfully, wantonly, and recklessly breached their duty by

handcuffing and arresting Mr. Fax without provocation, and making arrests and imprisoning him

without probable cause.

51.     As a direct and proximate result of Defendants' recklessness and intentional, willful, wanton and reckless acts, Mr. Fax was harmed.

52.     The actions of Defendants were willful, wanton or oppressive and merit an award of punitive damages.

53.     Plaintiff's right to be free of recklessness under the common law of the State of Delaware has been denied by each Defendant.

## IX.    PRAYER FOR RELIEF

**Wherefore**, plaintiff prays that the Court:

i.      Enter judgment against the Defendants.

ii.     Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Mr. Fax's constitutional rights.

iii.    Enter a judgment against the Defendants for compensatory damages in favor of the plaintiff.

iv.     Enter separate judgments against Defendants for punitive damages.

v.      Enter a judgment against Defendants for plaintiffs attorneys' fees, costs and pre- and post-judgment interest for this action.

vi.     Require such other and further relief as the Court deems just and proper under the circumstances.

**JACOBS & CRUMPLAR, P.A.**

 /s/ Raeann Warner
**RAEANN WARNER, ESQ. (# 4931)**
Two East Seventh Street, Suite 400
Wilmington, DE 19801
(302) 656-5445

*Attorneys for Plaintiffs*

May 11, 2018